# EXHIBIT 2

**JANICE JACOBSEN**

**v.**

**FARMERS INSURANCE EXCHANGE, an entity licensed to do business in the State of Nevada; 21ST CENTURY CENTENNIAL INSURANCE COMPANY, a foreign entity doing business in the State of Nevada, et al.**

**Case No. PENDING**

**DEFENDANTS EXHIBITS TO PETITION FOR REMOVAL**

# EXHIBIT 2

**COMPLAINT FILED BY PLAINTIFF IN CLARK COUNTY, NEVADA, EIGHT JUDICIAL DISTRICT COURT, CASE NUMBER A-17-749013-C**

Electronically Filed
01/04/2017 10:49:06 AM



CLERK OF THE COURT

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
WILLIAM R. KILLIP, JR. ESQ.
Nevada Bar No. 3660
NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
briannettles@nettleslawfirm.com
bill@nettleslawfirm.com
Attorneys for Plaintiff

Doren E. Hohl
MAR 1 3 2017
SERVICE OF PROCESS

RECEIVED
MAR 0 8 2017
DIVISION OF INSURANCE
STATE OF NEVADA

## DISTRICT COURT

## CLARK COUNTY, NEVADA

JANICE JACOBSEN, individually,

            Plaintiff,

vs.

FARMERS INSURANCE EXCHANGE,
an entity licensed to do business in the
State of Nevada; 21st CENTURY
CENTENNIAL INSURANCE COMPANY, a
foreign entity doing business in the State of
Nevada; DOE INDIVIDUALS 1
through 10; XYZ CORPORATIONS 11
through 20; ABC LIMITED LIABILITY
COMPANIES 21 through 30, inclusive,

            Defendants.

A-17-749013-C

CASE NO
DEPT NO.    XXXII

**COMPLAINT**

COMES NOW Plaintiff JANICE JACOBSEN by and through her counsel, William R. Killip, Jr., Esq., of the Nettles Law Firm, and for her causes of action against Defendant FARMERS INSURANCE EXCHANGE and 21st CENTURY CENTENNIAL INSURANCE COMPANY complains and alleges as follows:

NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434-8282 / 702-434-1488 Fax

-1-

**GENERAL ALLEGATIONS**

1.     Plaintiff JANICE JACOBSEN ("Ms. Jacobsen") is, and at all relevant times was, an individual residing in Clark County, Nevada.

2.     On information and belief, FARMERS INSURANCE EXCHANGE ("Defendant Farmers") is, and at all relevant times was, an insurance company authorized to write insurance policies in the State of Nevada.

3.     On information and belief, 21st CENTURY CENTENNIAL INSURANCE COMPANY ("Defendant 21st Century") is, and at all relevant times was, an insurance company doing business in the State of Nevada. Defendant Farmers and Defendant 21st Century will be collectively referred to as "Insurance Defendants".

4.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants Does 1 through 10, XYZ Corporations 11 through 20 and ABC Limited Liability Companies 21 through 30 ("Does/XYZ/ABC"), inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

5.     On information and belief, Does/XYZ/ABC participated in the ownership, management, control, entrustment, supervision, execution, driving, and/or provision of the services and actions involved in this action; Does/XYZ/ABC include, but are not limited to, owners, operators, managers, supervisors, employers, contractors, insurers, governmental authorities, and their agents, servants, representatives, employees, partners, joint venturers, related companies, subsidiaries, parents, affiliates, predecessors, and/or successors in interest.

6.     On information and belief, Does/XYZ/ABC are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged.

7.     On information and belief, Does/XYZ/ABC were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions against them of which the Plaintiff are presently unaware. On information and

NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434-8282 / 702-434-1488 Fax

-2-

NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434-8282 / 702-434-1488 Fax

1  belief, at all times herein mentioned, certain of the Defendants acted as the agent, servant,

2  representative, employee, partner, and/or joint venturer of certain other Defendants, and at all

3  said times were acting in the full course and scope of said agency, service, representation,

4  employment, partnership, and/or joint venture.

5      8.      At all relevant times, Gabriella Raquel Bellamy ("Ms. Bellamy") was the driver

6  of a 2004 Ford Escape with Nevada vehicle identification number 111PPJ ("Vehicle 1").

7      9.      At all relevant times, Ms. Jacobsen was the front seat passenger in a 2006

8  Chevrolet Malibu, Nevada vehicle identification 960WYG ("Vehicle 2"), driven by Brittany

9  Lynn Hollister ("Ms. Hollister").

10      10.      On or about February 19, 2011, Ms. Hollister was driving Vehicle 2 in the center

11  northbound travel lane on Stephanie Road, stopped at the Trail Canyon Road intersection in

12  Clark County, Nevada.

13      11.      At approximately the same time, Ms. Bellamy was driving Vehicle 1 in the center

14  travel lane traveling northbound on Stephanie Road, directly behind Vehicle 2.

15      12.      Ms. Bellamy negligently failed to maintain a safe distance between her vehicle

16  and Ms. Hollister's vehicle, causing Vehicle 1 to collide with the rear Vehicle 2.

17      13.      As a result of Ms. Bellamy's negligence, Ms. Jacobsen suffered bodily injury,

18  requiring her to seek medical treatment, resulting in great pain, suffering and anxiety, and being

19  unable to fully attend to her usual activities, including household tasks.

20      14.      Ms. Bellamy's liability policy provided coverage in the amount of $50,000.00

21  each person and $100,000.00 each occurrence and was inadequate to compensate Plaintiff for her

22  loss.

23      15.      Plaintiff was at all relevant times insured under a policy of automobile insurance

24  issued by Defendant Farmers and/or Defendant 21st Century and/or Does/XYZ/ABC, identified

25  as policy no. 8712977 ("Plaintiff's Policy").

26      16.      Plaintiff's Policy contained a provision for uninsured/underinsured motorist

27  coverage for bodily injury in the amount of $50,000.00 each person and $100,000.00 each

28  occurrence.

-3-

NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434-8282 / 702-434-1488 Fax

## FIRST CAUSE OF ACTION

### (Breach of Contract)

17.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 as though fully set forth herein.

18.     Plaintiff entered into a valid contract, Plaintiff's Policy, with Defendants, wherein Defendants agreed to, among other things, provide uninsured/underinsured motorist coverage in the amount of $50,000.00 each person and $100,000.00 each occurrence.

19.     Plaintiff fully performed all her duties under Plaintiff's Policy.

20.     On or about February 19, 2011, Ms. Bellamy was an uninsured/underinsured motorist as defined in Plaintiff's Policy.

21.     Defendants breached Plaintiff's Policy by, among other things, refusing Plaintiff the compensation due under the uninsured/underinsured coverage provisions.

22.     As a direct and proximate result of Defendants' breach of Plaintiff's Policy, Plaintiff is entitled to recover damages in excess of $10,000.00.

23.     Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred herein.

## SECOND CAUSE OF ACTION

### (Contractual Breach of Implied Covenant and Good Faith and Fair Dealing)

24.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 as though fully set forth herein.

25.     Implied in every contract in the State of Nevada is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

26.     Defendants breached their duty of good faith and fair dealing by, among other things, refusing Plaintiff full compensation due under the uninsured/underinsured coverage provisions.

27.     Plaintiff has been damaged by Defendants' breaches of the implied warranty of good faith and fair dealing in an amount in excess of $10,000.00.

28.   Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred herein.

### THIRD CAUSE OF ACTION

#### (Tortious Breach of Implied Covenant of Good Faith and Fair Dealing)

29.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 as though fully set forth herein.

30.   Implied in every contract in the State of Nevada, including Plaintiff's Policy, is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

31.   Defendants owed a duty of good faith and fair dealing to Plaintiff.

32.   There was a special element of reliance between Plaintiff and Defendants where Defendants were in a superior or entrusted position.

33.   Defendants breached Plaintiff's Policy's covenant of good faith and fair dealing by, among other things, refusing Plaintiff full compensation due under the uninsured/underinsured coverage provisions.

34.   Defendants' breach of Plaintiff's Policy's covenant of good faith and fair dealing was tortious because it was oppressive, fraudulent, and/or malicious.

35.   Because Defendants' tortious breach of Plaintiff's Policy's covenant of good faith and fair dealing was oppressive, fraudulent, and/or malicious, Plaintiff is entitled to punitive and/or exemplary damages.

### FOURTH CAUSE OF ACTION

#### (Unfair Practices in Settling Claims)

36.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 as though fully set forth herein.

37.   Defendants have violated several provisions of Nev. Rev. Stat. § 686A.310 by, among other things, failing to acknowledge and act with reasonable promptness in response to

NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434-8282 / 702-434-1488 Fax

-5-

NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434-8282 / 702-434-1488 Fax

1   communications from Plaintiff, and failing to effectuate prompt, fair and equitable settlements of

2   Plaintiff's claims.

3       38.    Plaintiff has been damaged by Defendants' unfair practices in an amount in

4   excess of $10,000.00.

5       39.    Plaintiff has been required to retain the services of counsel to prosecute this

6   matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred

7   herein.

8   **FIFTH CAUSE OF ACTION**

9   **(Declaratory Relief)**

10       40.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

11   through 39 as though fully set forth herein.

12       41.    Under Nev. Rev. Stat. § 30.010 et seq., the Uniform Declaratory Judgment Act,

13   any person interested under a written contract or other writings constituting a contract, or whose

14   rights, status or other legal relations are affected by a contract, may have determined any

15   questions of construction or validity arising under the contract and obtain a declaration of rights,

16   status or other legal relations thereunder.

17       42.    A justiciable controversy exists as Plaintiff has asserted claims of right to

18   indemnification for her losses from Defendants, and Defendants have an interest in contesting

19   Plaintiff's claims of right.

20       43.    Plaintiff has a legally-protectable interest in the controversy, i.e., her right to

21   indemnification from Defendants.

22       44.    The issue involved in the controversy is ripe for judicial determination because

23   there is substantial controversy, among parties having adverse legal interests, of sufficient

24   immediacy and reality to warrant the issuance of a declaratory judgment.

25       45.    Accordingly, Plaintiff requests a declaratory judgment that Defendants owe her a

26   duty to indemnify her on her uninsured/underinsured claim.

27

28

46.    Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred herein.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. For damages in excess of $10,000.00;

2. For a sum in excess of $10,000.00 for past, present and future loss of consortium;

3. For lost wages in an amount to be determined at trial;

4. For punitive and/or exemplary damages;

5. For interest as permitted by law;

6. For a declaratory judgment;

7. For costs and attorneys' fees; and

8. For such other and further relief as the Court deems proper.

DATED this 5 day of January, 2017.

NETTLES LAW FIRM

WILLIAM R. KILLIP, JR. ESQ.
Nevada Bar No. 3660
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
bill@nettleslawfirm.com
Attorney for Plaintiff

NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434-8282 / 702-434-1488 Fax

-7-