David J. Feldman, Esq.
Nevada Bar No. 5947
FELDMAN GRAF, P.C.
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  (702) 949-5096
Facsimile:  (702) 949-5097
dfeldman@feldmangraf.com
*Attorneys for Defendant*
*21ˢᵗ Century Centennial Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANICE JACOBSEN, individually, | Case No.: 2:17-cv-01000-MMD-NJK |
| Plaintiff, | |
| vs. | |
| 21ST CENTURY CENTENNIAL INSURANCE COMPANY, a foreign entity doing business in the State of Nevada; DOE INDIVIDUALS 1 through 10; XYZ CORPORATIONS 11 through 20; ABC LIMITED LIABILITY COMPANIES 21 through, 30 inclusive, | |
| Defendants. | |

## STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT

PLAINTIFF, JANICE JACOBSEN, by and through her counsel of record, Jennifer Peterson, Esq. of the The Nettles Law Firm, and DEFENDANT, 21ˢᵗ CENTURY CENTENNIAL INSURANCE COMPANY, by and through its counsel of record, David J. Feldman, Esq. of the law office of Feldman Graf, P.C., hereby enter into the following STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT:

WHEREAS PLAINTIFF has filed the above styled and numbered suit against DEFENDANT, 21ˢᵗ CENTURY CENTENNIAL INSURANCE COMPANY; and

WHEREAS PLAINTIFF has caused to be served upon 21ˢᵗ CENTURY CENTENNIAL INSURANCE COMPANY certain discovery requests and contemplates serving upon 21ˢᵗ CENTURY CENTENNIAL INSURANCE COMPANY other discovery requests in the future; and

WHEREAS 21ˢᵗ CENTURY CENTENNIAL INSURANCE COMPANY has asserted a

1    privilege that some of the materials sought are of a confidential or proprietary nature and constitute

2    a trade secret under applicable law, and may assert such a privilege from discovery as to future

3    requests; and

4        WHEREAS the PLAINTIFF and 21ST CENTURY CENTENNIAL INSURANCE

5    COMPANY desire to expedite and facilitate the discovery process in this litigation while protecting

6    the business interests of 21ST CENTURY CENTENNIAL INSURANCE COMPANY to its trade

7    secrets; and

8        WHEREAS PLAINTIFF and 21ST CENTURY CENTENNIAL INSURANCE COMPANY

9    agree that the easiest and most economical way to accomplish this goal is through the execution

10   of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT;

11       IT IS THEREFORE AGREED as follows:

12   1.   Documents that will be produced by 21ST CENTURY CENTENNIAL INSURANCE

13       COMPANY pursuant to this STIPULATION AND ORDER REGARDING

14       CONFIDENTIALITY AGREEMENT are claimed by Defendant to be of a confidential or

15       proprietary nature by Defendant at or about the time of the incident or transactions at issue

16       in this litigation or at some time later.  The purpose of this STIPULATION AND ORDER

17       REGARDING CONFIDENTIALITY AGREEMENT is to protect the confidentiality of

18       these documents.

19   2.   Documents and information produced in this case by Defendant shall be protected from

20       inappropriate disclosure in accordance with the following terms and conditions:

21       a.   Defendant may, in good faith, designate documents or discovery information

22           "confidential" including, but not limited to:

23           i.   all documents and/or information that Defendant believes to constitute or

24               disclose trade secrets or other confidential research, development, testing,

25               or commercial information or other information that it is entitled to keep in

26               confidence;

27           ii.   business marketing, testing, training materials, research or strategic plans

28               relating to any materials, products, goods and/or services;

iii.   discovery material reflecting or relating to research, testing or financial data; and/or

iv.   all documents and/or information containing or referring to internal evaluations or criticisms of any of Defendant's products, goods, services, practices and/or procedures.

b.   All documents produced by Defendant in this case and designated "confidential" shall be used solely for the purpose of "this action" and shall not be made available to persons other than "qualified persons" as defined in Paragraph 3. "This action" specifically refers to the pretrial proceedings and trial or settlement of the above-referenced cause of action, and no other.

The parties to this agreement recognize and agree that material designated as being confidential may be used at the time of trial (subject to the Court's review of objections regarding this material if applicable) or may otherwise use such confidential documents as exhibits to pleadings in Court. The parties further recognize and agree that the use of such documents for Court pleadings and/or evidence will not alter the confidential nature of same.

3.   "Qualified persons" means:

a.   a party to this action, an officer, director, employee or partner or a party of in-house counsel having direct responsibility for, working directly on, or testifying in connection with this action who has executed a Declaration in the form attached hereto as Exhibit A and only after delivery of the executed Exhibit A to counsel for Defendant 21ST CENTURY CENTENNIAL INSURANCE COMPANY; and/or

b.   counsel of record for the parties and the legal assistants and regularly employed office staff of the counsel of record for the parties; and/or

c.   a person retained by a party or its attorneys of record to assist in this action, such as independent accountants, expert witnesses, statisticians, economists, consultants or other technical experts and/or consultants, who have signed a Declaration in the form of Exhibit A hereto. Delivery of the executed Exhibit A must be provided to

counsel for Defendant 21ST CENTURY CENTENNIAL INSURANCE COMPANY at the time an expert report is  provided, expert disclosures are due or at the conclusion of this case, whichever comes first; and/or

d. actual or potential deposition witnesses in this action who are assisting counsel in the prosecution or defense of this action or whom counsel must advise concerning the status of this action who have executed a Declaration in the form attached hereto as Exhibit A.

4. Unless prior written consent for further disclosure has been obtained from counsel for Defendant or permission for such disclosure has been given by the Court, each qualified person identified in Paragraphs 3(a), (c), and (e) above, as well as counsel for third-party witnesses, to whom delivery, exhibition or disclosure of any materials designed as confidential is made, shall be provided with a copy of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT, and shall execute a Declaration in the form attached hereto as Exhibit A.

5. "Confidential" documents and other discovery materials shall include all originals and copies of any document and/or information that Defendant has designated as such by stamping the cover or other page or by stamping a blank sheet affixed to the cover or other page with the word "CONFIDENTIAL" or in any other reasonable manner appropriate to the form in which the confidential information is made available to the qualified persons as defined in Paragraph 3.  In lieu of stamping the originals of documents, Defendant may stamp copies that are produced or exchanged, or indicate in some appropriate fashion that the documents are confidential under this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT. Notwithstanding the foregoing, documents or other discovery materials produced and not so designated through mistake, an inadvertence, or for any other reason shall likewise be deemed confidential.

6. In the event that a "qualified person" ceases to engage in the preparation for trial or trial of this proceeding, access by such person to confidential documents and other discovery materials of Defendant shall be terminated.   However, the provisions of this

STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall remain in full force and effect as to all persons who have obtained access to such documents or other discovery materials of Defendant designated for protection hereunder in perpetuity.

7.  Counsel for the parties shall maintain a list of the names of all persons, including all experts, expected to testify at trial, who inspect or view confidential documents and other discovery information or who receive any copies of such confidential documents or discovery information and shall make such a list available to Defendant at the conclusion of this litigation.

8.  The provisions of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall remain applicable to all documents marked with the legend "confidential," and any information contained therein or derived therefrom, after this action concludes. Within 30 days after final conclusion of all aspects of this action, all documents marked with the legend "confidential," and all copies thereof, shall be returned to the party that produced the documents marked with the legend "confidential" or, at the option of the producing party if it retains at least one copy, destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the producing party not more than 60 days after final termination of this action. Alternatively, the producing party may agree in writing on appropriate methods of destruction.

9.  Nothing contained herein shall prevent disclosure beyond the terms of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT if Defendant consents in writing to such disclosure; or if the Court, after notice to all affected persons, allows such disclosure; or if the party to whom confidential information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, PROVIDED THAT the subpoenaed party gives prompt written notice to counsel for Defendant and permits Defendant's counsel sufficient time to intervene and seek appropriate relief in the action in which the subpoena was issued.

10. Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY

AGREEMENT, nor any action taken in compliance with it, shall:

    a.    operate as an admission by Defendant that any particular document, or discovery material, deposition transcript, or discovery response is or is not confidential; or

    b.    prejudice in any way the right of any party to seek a determination by the Court whether particular documents or other information should or should not be disclosed or if disclosed whether it should remain subject to the terms of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT.

Any party may request the Court to modify or otherwise grant relief from any provision of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT.

11.    Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall be deemed to impair Defendant's right to object to the production of documents or information on any ground, or to assert that the documents or information sought are privileged or otherwise protected from disclosure or to demand more stringent restrictions for the treatment or disclosure of any documents or discovery information on any ground that may be warranted by the circumstances of a particular document request.

12.    Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this case.

13.    If any Party to this proceeding disputes the designation of any document(s) as confidential, or otherwise seeks to remove or modify the protections of this Order for any reason, the Parties shall attempt in good faith to resolve by agreement whether or not the subject document(s) should be declassified. If the Parties are unable to agree, the Party seeking to declassify the document(s) shall first give five (5) days written notice to the other Parties of its intent to declassify the document(s) in order to allow time for any written objection to be lodged. If no written objection is lodged before the expiration of the five (5) day period, the document may be declassified. If a written objection is lodged before the expiration of the five (5) day period, the Party seeking to declassify the document may file

1    an appropriate motion with the Court, seeking to remove or modify the protections of this

2    Order as to the documents specified.  The party claiming confidentiality has the burden as

3    defined by the law of the State of Nevada, or applicable federal law of establishing that the

4    objected to document is "confidential."  Until resolution of the dispute is achieved either

5    through consent or order, all Parties shall treat the designated document(s) as confidential

6    pursuant to the terms of this Order.

7    14.    This STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT

8           may be modified by executing a revised stipulation and order among all parties, approved

9           by the Court or by application by noticed motion.

10   15.    Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY

11          AGREEMENT shall be construed as a waiver of any rights by any party with respect to

12          matters not specifically provided for herein.  This STIPULATION AND ORDER

13          REGARDING CONFIDENTIALITY AGREEMENT shall be applicable to documents and

14          discovery materials produced.

15          **IT IS SO STIPULATED.**

16   Dated: 12/22/17                                        Dated: 1/2/18

17   _____                        _____
     Jennifer Peterson, Esq.                                FELDMAN GRAF, P.C.
18   NETTLES LAW FIRM                                       David J. Feldman, Esq.
     Nevada Bar No. 11242                                   Nevada Bar No. 5947
19   1389 Galleria Drive, Suite 200                         8831 West Sahara Avenue
     Henderson, NV 89014                                    Las Vegas, Nevada 89117
20   Telephone: (702) 434-8282                              Telephone:  (702) 949-5096
     Facsimile: (702) 434-1488                              *Attorneys for Defendant*
21   *Attorneys for Plaintiff Janice Jacobsen*                  *21st Century Centennial Insurance Company*

22

23                                                         **IT IS SO ORDERED.**

24

25                                                         _____
                                                           United States Judge
26                                                         United States District Court

27                                                         DATED: _____

28

                                           7

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO**
**ABIDE BY STIPULATION AND ORDER**
**REGARDING CONFIDENTIALITY AGREEMENT**

3

4      THE UNDERSIGNED HEREBY UNDERSTANDS AND ACKNOWLEDGES that he or

5      she has read the Stipulation and Order Regarding Confidentiality Agreement filed in this action on

6      _____, 2017.  The Undersigned hereby acknowledges that a Stipulation and

7      Order Regarding Confidentiality Agreement in the case of *Janice Jacobsen v. 21st Century*

8      *Centennial Insurance Company*, Case No. 2:17-cv-01000-MMD-NJK was filed in the United

9      States District Court in the District of Nevada and entitled "STIPULATION AND ORDER

10     REGARDING CONFIDENTIALITY AGREEMENT."

11          The Undersigned agrees to be bound by the terms of the above-mentioned Stipulation and

12     Order Regarding Confidentiality Agreement in the same manner as the parties to the Stipulation

13     and Order and their respective attorneys.  The Undersigned agrees to provide David J. Feldman,

14     Esq., attorney for Defendant, with written notice of any document sharing as well as a list of any

15     recipients of shared documents.  The Undersigned also agrees, as provided in the Stipulation and

16     Order Regarding Confidentiality Agreement, to submit to the jurisdiction of the United States

17     District Court in the District of Nevada for any proceedings related to any violation or threatened

18     violation of this Order.

19

20     Dated: _____          _____
                                                 Litigant, Janice Jacobsen

21

22     Dated: _____          _____
                                                 Attorney, Jennifer Peterson, Esq.
23                                               of The Nettles Law Firm

24

25

26

27

28