UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANICE JACOBSEN, | Case No.: 2:17-cv-01000-MMD-NJK |
| Plaintiff(s), | **Order** |
| v. | |
| 21ST CENTURY CENTENNIAL INSURANCE COMPANY, | |
| Defendant(s). | |

Pending before the Court is an order for various attorneys to show cause why they should not be sanctioned for violating the Court's order that "[a]ll counsel of record who will be participating in the trial" appear in person at the settlement conference conducted on February 7, 2019. Docket No. 51. The Court has received responses that demonstrate clear mismanagement of this case and dereliction of the duties of the attorneys on it. Docket Nos. 54, 56, 60.

At the time of the settlement conference, the docket reflected that Plaintiff has three attorneys of record: Brian Nettles, Jennifer Peterson, and William Killip, Jr. None of these attorneys appeared at the settlement conference. Instead, attorney Rachel Solow appeared at the settlement conference alone. It has now been made clear that attorneys Peterson and Killip have not been employed with this law firm or worked on this case for months, and that attorneys Solow and Christian Morris will be the attorneys trying this case. *See* Docket No. 60. Ms. Morris provides a declaration in response to the order to show cause, which provides no explanation why she did not appear at the settlement conference despite a clear order that all attorneys who will be

1

participating in trial must appear. *See* Docket No. 60-2. With respect to the failure to update the docket with the attorneys actually working on the case, the response to the order to show cause references several instances of "inadvertent" failures.

With respect to Mr. Nettles, he indicates that he "oversee[s]" this and all other federal litigation, Docket No. 60-1 at ¶ 5, but clearly failed in that task here given the obvious and repeated shortcomings to comply with the basic requirement to identify the attorneys of record and to have all trial counsel appear at the settlement conference. As counsel of record, Mr. Nettles remains obligated to ensure compliance with the rules and orders of the Court regardless of whether he has delegated duties to others. *See, e.g.*, *U.S. Bank N.A. v. SFR Inv. Pool 1, LLC*, 2018 WL 701816, at *5 (D. Nev. Feb. 2, 2018). The record reflects that he fell far short in that regard.

With respect to Ms. Peterson and Mr. Killip, they both responded that they left the firm months ago, at which time they stopped representing Plaintiff in this case. Docket Nos. 54, 56. For reasons left unexplained, neither Ms. Peterson nor Mr. Killip appeared to understand that they must actually inform the Court that they are no longer litigating a case even though doing so is grounded in common sense and the local rules.

With respect to Ms. Solow, she responded that she appeared without co-counsel at the settlement conference without having realized that she had failed to file a notice of appearance in this case. Docket No. 60-3. Ms. Solow also discovered thereafter that she had failed to seek a withdrawal as counsel for Ms. Peterson and Mr. Killip. *Id.* Ms. Solow provides no explanation why she apparently believed her individual appearance could have complied with the Court's order when Ms. Morris is also going to be trial counsel. *See id.*[1] Other than "inadvertence," no justification has been made with respect to these shortcomings.

---

[1] Notwithstanding these compounding shortcomings, Ms. Solow attests that she has refreshed herself with the local rules and understands her responsibility to update the Court appropriately. *Id.* at ¶ 12. That is apparently a shallow understanding given that Ms. Solow's CM/ECF account continues <u>to this date</u> to indicate that she is employed by Solow Law Group with contact information that does not match the caption of her current declaration. *But see* Local Rule IC 2-1(g) (attorneys are responsible for updating their CM/ECF account information, including their contact information).

With respect to Ms. Morris, she acknowledges both that all trial counsel were required to appear at the settlement conference and that she will be trial counsel. Docket No. 60-2 at ¶ 7l; Docket No. 60 at 1. Nonetheless, she provides no explanation why she violated the Court's order to appear and, instead, merely attests that she assisted Ms. Solow in being prepared for that settlement conference. *See id.* at ¶¶ 8-10.

In short, the settlement conference held in this case exposed incompetence at a very basic level that has wasted judicial resources and thwarted the ability of this case to move forward to resolution in an efficient fashion. The Court would be well within its discretion to impose monetary sanctions in this instance. Nonetheless, the Court declines to do so. Instead, each of the above counsel are **ADMONISHED** and are further **ORDERED** to read the local rules of this Court in their entirety. A declaration attesting to the same shall be filed separately for each attorney by March 27, 2019. The Court takes each of these attorneys at their word that they have refreshed their understandings of their duties to the Court and that similar shortcomings will not be repeated. **<u>Failure to comply with the local rules and/or Court orders in the future may result in the imposition of significant sanctions.</u>**

IT IS SO ORDERED.

Dated: February 27, 2019

                                                                                    Nancy J. Koppe
United States Magistrate Judge